QUESTION: In the absence of referendum approval by the municipal electorate, may a municipality execute a promissory note and mortgage for the purpose of acquiring funds necessary for the construction of a municipal facility, when the term of such note and mortgage extends the indebtedness of the municipality beyond the end of the fiscal year in which said note and mortgage are executed?
SUMMARY: In the absence of an approving referendum by the municipal electorate, a municipality may not finance the construction of a municipal facility by borrowing money and giving a promissory note secured by a long-term purchase money mortgage therefor. Initially, it is clear that a municipality's governing body possesses the power to borrow money and to issue certificates of indebtedness to finance the undertaking of any capital or other project for the purposes permitted by the State Constitution and to pledge the funds, credit, property, and taxing power of the municipality for the payment of such debts. Section 166.111, F. S. However, the exercise of this power is constitutionally limited by ss. 10 and 12, Art. VII, State Const. Section 10 of Art. VII prohibits, generally, the pledging of municipal credit or the using of the municipal taxing power for other than municipal purposes. Cf. Bannon v. Port of Palm Beach Dist., 246 So.2d 737
(Fla. 1971). Section 12 of Art. VII, the provision by which the answer to your inquiry is primarily controlled, provides, generally, that a municipality may issue bonds, certificates of indebtedness, or any form of tax anticipation certificates payable from ad valorem taxation and maturing more than 12 months after issuance "only to finance capital projects authorized by law and only when approved by vote of the electors." See s. 166.121, F. S., which recognizes this limitation; and State v. County of Dade,234 So.2d 651 (Fla. 1970). In AGO 073-164, this office concluded that, absent an approving referendum of the county electors, a county could not purchase improved real property for hospital purposes on a deferred payment plan where the contingent legal liability and obligation of the county was evidenced by a promissory note secured by a purchase money mortgage on the improved real property so acquired. According to the view expressed therein, . . . such deferred payment plan would create a conditional indebtedness on the part of the county in the nature of a legal liability for a capital venture predicated upon the general credit of the county. The plan places the county in a position of being coerced to levy a tax to prevent loss of property by foreclosure. Such a mortgage with the accompanying right of foreclosure is not constitutionally permissible without an approving election. See also Boykin v. Town of River Junction,164 So. 558 (Fla. 1935); Hollywood, Inc. v. Broward County,90 So.2d 47 (Fla. 1956); State v. Putnam County Development Authority, 249 So.2d 6 (Fla. 1971); and Nohrr v. Brevard County Educational Facilities Authority, 247 So.2d 304, 311 (Fla. 1971), in which the general rule is stated that with respect to the financing of capital projects of public entities in this state, "a mortgage with the accompanying right of foreclosure is not constitutionally permissible without an election." Cf. AGO's 073-261 and 060-62. Likewise, in the instant situation, the financing of the construction of a municipal facility by a municipality's execution of a promissory note secured by a long-term purchase money mortgage would create a conditional indebtedness on the part of the municipality in the nature of a legal liability for a capital venture predicated upon the general credit of the municipality. Such method of financing places the municipality in a position of being coerced to levy a tax to prevent loss of the facility by foreclosure. Accordingly, I am of the opinion that such method of financing may not be utilized unless the municipality receives prior referendum approval by the municipal electorate. Your question is answered in the negative.